PYRAMID PLASTICS, LLC,
Plaintiff–Appellant,

v.

ROUNDHOUSE PRODUCTS, INC.,
Defendant–Appellee.

No. 03–56203.

D.C. No. CV 01–4825 NM (MANx).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2005.

Decided May 4, 2005.

---

Karien L. Balluff, Young, Denormandie & Oscarsson, Seattle, WA, for Plaintiff–Appellant.

Dean G. Von Kallenbach, Young, Denormandie & Oscarsson, P.C., Seattle, WA, Jill M. Pohlman, Stoel Rives, Salt Lake City, UT, for Defendant–Appellee.

Before WARDLAW and BERZON, Circuit Judges, and FITZGERALD, Senior Judge.*

### MEMORANDUM**

Pyramid Plastics, LLC ("Pyramid") and Roundhouse Products, Inc. ("Round-house") filed cross-motions for summary judgment on their indemnification claims pursuant to California Commercial Code § 2312(3) for fees and costs they each incurred as co-defendants in a patent infringement suit brought by Rembrandt Photo Services ("Rembrandt"). The district court denied both motions and entered judgment ordering each party to bear its own expenses in the underlying patent litigation. Only Pyramid appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

California Commercial Code § 2312(3) provides:

> Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

Cal. Com.Code § 2312(3) (West 2002). While Roundhouse based its claim for indemnification on the seller's warranty in the first part of section 2312(3), Pyramid based its claim on the buyer's warranty in the latter part of section 2312(3).

In the underlying patent infringement suit, Rembrandt sought damages only for the period of time following Pyramid and Roundhouse's receipt of the March 8, 1988, cease-and-desist letter. During this period of time, Pyramid and Roundhouse had equal knowledge of Rembrandt's claims of ownership and infringement of the patent and were in an equal position to avoid liability by ceasing production of the alleg-

---

* The Honorable James M. Fitzgerald, United States Senior Judge for the District of Alaska, sitting by designation.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

edly infringing compact disc sleeves. The district court correctly concluded that "[i]t would be both inequitable and contrary to the purpose of section 2312(3) to require either party to indemnify the other, where the parties were each capable of avoiding the litigation but chose, instead, to take the risk." Because neither party was entitled to indemnification under section 2312(3), the district court correctly required each party to bear its own costs, fees, and liability associated with the underlying patent infringement action.

**AFFIRMED.**